UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



DONALD CARL HODGE, JR.

VERSUS

THE BOARD OF SUPERVISORS
FOR LOUISIANA STATE
UNIVERSITY AND AGRICULTURAL
AND MECHANICAL COLLEGE, ET AL.

CIVIL ACTION

NO. 08-735-JJB

## RULING ON MOTIONS TO DISMISS

This matter is before the court on motions to dismiss separately filed by defendant Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (hereinafter "the Board") and by "the East Baton Rouge Parish Sheriff's Office."  Plaintiff, who is pro se, has failed to file any opposition.  Subject matter jurisdiction is based upon 28 U.S.C. §1343.

Plaintiff Donald Hodges brings claims of false arrest, false imprisonment and excessive force under 42 U.S.C. §1983 based upon the alleged actions of an East Baton Rouge Sheriff's Deputy in removing plaintiff from Tiger Stadium during a LSU football game.

It is axiomatic that the "Sheriff's Office" is not a legal entity subject to suit. Any claims must be made against the Sheriff, not the "Sheriff's Office." Accordingly, the claims against the "Sheriff's Office" will be dismissed.

The Board moves for dismissal on the basis that it cannot be held liable

under §1983 for the alleged misconduct of the officer under the doctrine of respondeat superior. Additionally, the Board contends that plaintiff's claims for intentional infliction of emotional distress do not rise to the level of "extreme or outrageous conduct" sufficient to support such a claim.

For the reasons more fully stated in the Board's supporting memorandum, the court agrees and the claims against the Board will be dismissed as well.

Accordingly, the motions by the Sheriff's Office (doc. 3-2) and by the Board (doc. 5) are hereby GRANTED. The Board's request for attorney's fees is DENIED at this time for lack of adequate factual and legal foundation.

Plaintiff may amend his complaint on or before the May 31st deadline established by the magistrate judge (doc. 9) to state a cognizable claim against Lt. Moore and/or the Sheriff of East Baton Rouge Parish. The court observes that the body of the complaint makes specific allegations against Lt. Moore and the Sheriff but neither one is actually named as a defendant.

However, the court suggests that plaintiff retain counsel prior to pursuing this matter any further. If plaintiff elects to proceed pro se, the court specifically instructs plaintiff to review his obligations under Fed. Rule Civ. P. 11, prior to filing an amended complaint.

Should plaintiff fail to timely amend, this matter will be dismissed in its entirety.

Baton Rouge, Louisiana, March 24th, 2009.

_____
JAMES J. BRADY
DISTRICT JUDGE